BROCKENBROUGH, J.
In considering the first question, the court has not thought it necessary to make a minute investigation of english authorities. In 1 Plowden’s Com. 381, a case is stated, in which it was decided, that where a grant had been made to two persons for the term of their lives, and for the life of the survivor of them, of the sheriffwick of Cheshire, and one of them was attainted of treason, the whole office was forfeited, because the office was intire, and could not be severed. This decision is founded on the postulate, that an attainder of treason produces a forfeiture of a freehold office which concerns the administration of justice. In another case it was decided, that a cestui que trust of a grant for years of the license of wines, who had committed felony, had forfeited the said office. 13 Vin. Abr. Forfeiture, H. pi. 2, p. 445. But, in England, this question can seldom arise. Felonies are there, for the most part, punishable capitally; and if the holders of an office becomes convict of felony, he can no longer hold it, if the sentence *is carried into effect. As we have substituted penitentiary confinement and discipline for capital punishments, it would seem, that a similar incapacity for holding office should follow the conviction for felony. The court does not, however, mean to rely mainly on any en-glish authorities or adjudged cases, in deciding the question now before it. When the people of Virginia established their constitution, they never intended that the bench of justice should be contaminated by the presence of a convicted and attainted felon. Neither did the legislature nor the executive ever intend, that a judicial officer appointed under their authority, should continue to hold the office, after he should be sentenced to confinement in the penitentiary for a felonious offence. The court is decidedly of opinion, that such judicial officer forfeits his office by conviction and attainder of a felonjr; that no pardon can restore him to his former office. The following is to be entered as the judgment of the court:
This court is unanimously of opinion and doth decide, 1. That the said William Fugate, by the conviction and judgment of the felony of which he was indicted, did forfeit his office of justice of the peace for the county of Scott, and became thereby legally incapacitated from ever after acting therein under his said commission. 2. That the pardon of the executive did not restore his capacity to act under his former commission, nor avoid the forfeiture. And 3. That the circuit court of Scott ought to make the rule absolute against him.